WARD, Judge,
concurring.
Although I agree with the majority’s treatment of most issues and with its conclusion, I disagree with the treatment of the issue of imputation of payments. That part of the note which purports to grant Whitney the right to impute payments is so permeated with legalese that it is ambiguous at best and non sensical at worst, and *1196 the majority, in my opinion, misinterprets the imputation clauses of the note.
After eliminating the legalese and after inserting the obvious, I submit the following extract is a more accurate interpretation of the right of Whitney to impute payments.
All parties ... agree that the payment hereof may be extended from time to time, one or more times, without notice

The property described on the reverse hereof, and any property that may be substituted therefor ... are hereby pledged ... to [Whitney] to secure the payment of this note, and of any note given in extension ... as well as for the payment of any other obligation ... of any of the parties hereto to [Whitney] ... up to the amount of $15,000,000.00 .... All parties ... agree that the property ... pledged may be exchanged [for other pledged property] or surrendered ... without notice to or assent from any party ... [and] ... full irrevocable power and authority are hereby granted and given to [Whitney] ... upon this note not being paid at maturity, to sell, ... the whole of the property of every kind pledged .... [and Whitney] may apply the residue of the proceeds of sale or sales, pro tanto, to the payment of any or all of the obligations or liabilities of the parties hereto or [to] any of them, whether then-due or not due, up to the amount of $15,000,000.00 ...
[Additionally] All parties ... authorize ... [Whitney] to appropriate [any of the property described below] and [to] apply to the payment ... [of this note] or of any of the obligations ... of any of the parties hereto, ... [the proceeds from the sale of that property] up to the amount of $15,000,000.00, [and Whitney is] authorized to impute the payments as it sees fit, [of] any and all moneys, stocks, bonds, or other property of any kind whatever now or hereafter in the hands of said Bank on deposit or otherwise to the credit of or belonging to any party hereto .... All parties ... authorize [Whitney] ... to collect, ... and apply to the payment and extinguishment [of the note] the interest, dividends, or other income accruing and payable on any of the property pledged to secure the payment hereof ....
The note speaks of property, not payments on the note or payments on other indebtedness of the parties, and it should not be interpreted to include payments. The note as I interpret it does not give Whitney the unfettered right to impute payments as it sees fit except from proceeds of the sales of property pledged to secure the note or from money, stocks, and bonds belonging to the parties and then in the hands of Whitney. Hence, imputation of all payments now in dispute should follow the provision of Articles 2163, 2165, and 2166 of the Civil Code.